UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-663 PPS |
| | ) |
| MARK SEVIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Sonny Davis, a prisoner without a lawyer, filed a complaint against Westville Correctional Facility Superintendent Mark Sevier. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Davis complains about the food he receives from Aramark, the private food provider contracted by the prison. He alleges that he was served food containing gluten despite his gluten allergy. He also alleges that he has been in disciplinary segregation since

April 14, 2015, and does not have commissary privileges, which means that he has no access to gluten-free food. This is not the first time Davis has filed a claim about his need for a gluten-free diet at the Westville Correctional Facility. Davis is currently proceeding on such a claim against Greg Sheward, an Aramark manager, in *Davis v. Sheward*, 3:17-cv-4 (N.D. Ind. filed January 3, 2017); ECF 5, 6. In both cases, Davis seeks money damages and injunctive relief to address his need for a gluten-free diet.

"The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) (internal quotation marks and citations omitted). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* It is legally frivolous for Davis to proceed on a claim in this case that duplicates one he is already pursuing in another case. Thus, I will dismiss this case. If Davis wishes to add others to his claim about his need for a gluten-free diet at the Westville Correctional Facility, he should amend the complaint in his case against Greg Sheward.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*,

588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Accordingly, this case is **DISMISSED.**

ENTERED: December 15, 2017

/s/ Philip P. Simon
Judge
United States District Court